IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICTOR BRADLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID JENSEN et al.,<br><br>        Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-988 DB<br><br>District Judge Dee Benson |

Plaintiff, Victor Bradley, a prisoner at Utah State Prison, filed this *pro se* civil rights suit.[1] Reviewing the Complaint under § 1915A, the Court has determined that Plaintiff's Complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a) inappropriately suggests civil-rights violations against Defendants Turley and Phelps on a respondeat-superior theory.

(b) provides no affirmative link between violation of Plaintiff's civil rights regarding inadequate medical treatment and any named defendant.

(c) submits two complaints together--one recent handwritten one and one 2009 typewritten one--without saying which one he intends the Court to treat.

(d) appears to be filed past the applicable statute of limitation (see below).

---

[1] *See* 42 U.S.C.S. § 1983 (2013).

(e)   has a negligence claim, a state-law claim, which may not be filed as a civil-rights claim.

(f)   has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

2

pro se litigant."[5]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9]  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10]  And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless

---

[5] *Id.* at 1110.

[6] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

will be restricted from filing future lawsuits without prepaying fees.

Finally, "Utah's four-year residual statute of limitations . . . governs suits brought under section 1983."[11] Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'"[12] The accident underlying these claims occurred on January 31, 2008, more than four years before October 23, 2012, when this case was filed.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

---

[11] *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

[12] *Id.* at 675 (citation omitted).

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 6th day of June, 2013.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court